UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICIO GRINARD-HENRY,

v.   Case No. 8:06-cv-719-T-17MAP
    8:03-cr-437-T-17MAP

UNITED STATES OF AMERICA,

_____

**O R D E R**

This cause is before the Court on Defendant Mauricio Grinard-Henry (hereinafter Henry)'s 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-155)

BACKGROUND

On November 6, 2003, Henry and three others were charged by superseding indictment with: (1) possessing with intent to distribute five kilograms or more of cocaine, while abroad a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. §§ 1903(a) and (g), 21 U.S.C.§ 960(b)(1)(B)(ii), and 18 U.S.C. § 2 (Count One); and (2) conspiring to possess with intent to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation

of 46 U.S.C. App. §§ 1903(a), (g) and (j) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). Doc. 27[1] After entering into a written plea agreement, Doc. 52, Henry pled guilty to Count One. Docs. 68, 73; Doc. 114 at 17.

On May 14, 2004, the district court sentenced Henry to a 135-month term of imprisonment, a 60-month term of supervised release, and a special assessment of $100.00. Doc. 103 at 20. Henry filed a timely notice of appeal. Doc. 90.

On direct appeal, Henry argued that: (1) the sentencing procedure by which the base offense level was increased to 38, without a jury determination or consent to judicial fact finding, was unlawful and in violation of Henry's constitutional rights (under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004)); (2) the district court erroneously denied a minor role adjustment; and (3) the district court erred as a matter of law in denying Henry's motion for downward departure.[2] The United States moved to dismiss Henry's appeal based upon his appeal waiver provision contained in his plea agreement.[3] The Eleventh Circuit Court of Appeals granted the Government's motion to dismiss on December 23, 2004. Doc. 133. Henry then sought reconsideration of the appellate court's dismissal in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).[4] His motion was denied on February 11, 2005. United States v. Henry, 399 F.3d 1294 (11th Cir. 2005). Henry's petition for a writ of certiorari was filed

---

[1] Unless otherwise indicated, all citations to the docket sheet are to that of the underlying criminal case, No. 8:03-cr-437-T-17MAP.

[2] A copy of Henry's appellate brief is attached hereto as Exhibit A.

[3] A copy of the Government's motion to dismiss is attached hereto as Exhibit B. The attachments to Exhibit B include Henry's plea agreement (Attachment 1) and a transcript of Henry's rearraignment hearing (Attachment 2).

[4] A copy of Henry's motion for reconsideration and a copy of the Government's response thereto are attached hereto as Exhibit C. 5A copy of this document is attached as Exhibit D.

with the Supreme Court on April 5, 2005.[5] The Supreme Court denied his petition for writ of certiorari on May 16, 2005. Grinard-Henry v. United States, 544 U.S. 1041 (2005).

Henry then timely filed the present 2255 motion to vacate.

## FACTS

The facts of this case are set forth in the written plea agreement executed by Henry:

> On or about October 19, 2003, in the Caribbean Sea, approximately 173 nautical miles south of Jamaica, Defendant Grinard- Henry was traveling with Steve Bowie-Myles, Jesus Quejada-Pomare, Arnal Henry-Howard and a juvenile male in a go-fast vessel subject to the jurisdiction of the United States, that is, a vessel without nationality. The go-fast vessel contained a large quantity of cocaine wrapped in bales, most–or all–of which contained between 20 and 30 separately wrapped one-kilogram packages of cocaine.
>
> When the crew members of the go-fast vessel realized that they were being followed by a United States Coast Guard helicopter, they began throwing the bales of cocaine overboard. The crew members continued throwing the bales overboard even while the Coast Guard helicopter gave verbal warnings to stop, fired warning shots, and fired shots that ultimately disabled the go-fast vessel's engines.
>
> Coast Guard personnel recovered 70 bales of cocaine, weighing approximately 4,493 pounds, in and around the disabled go-fast vessel. Defendant Henry knowingly, intentionally, and willfully jointly possessed the cocaine recovered by the Coast Guard, and he intended to distribute it to another person. Doc. 52 at 14-15. At his rearrangement hearing, Henry admitted that these facts were true.

Doc. 114 at 17-19.

## DISCUSSION

Henry raises two ineffective assistance of counsel claims. Doc. cv-2). These claims are cognizable under section 2255. See Lynn v. United States, 365 F.3d 1225, 1234 n.17 (11th Cir.), cert. denied, 543 U.S. 891 (2004). The section 2255 procedural default rule

---

[5] A copy of this document is attached as Exhibit D.

does not apply to ineffective assistance of counsel claims. Massaro v. United States, 538 U.S. 500, 502-03 (2003); Lynn, 365 F.3d at 1234 n.17.

However, by entering an unconditional guilty plea, Henry has waived his two ineffective assistance of counsel claims. "A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); see also United States v. Antonio, 2006 WL 1232805 (M.D. Fla. 2006)(Moody, J.)(citing Wilson for the proposition that claims of "pre-plea ineffectiveness [are] waived"). Non-jurisdictional challenges to the constitutionality of a conviction include ineffective assistance of counsel claims that relate to pre-plea issues. Wilson, 962 F.2d at 997.[6] Because Henry does not dispute that his guilty plea was voluntary and knowing, his ineffective assistance of counsel claims are waived. Furthermore, Henry's ineffective assistance of counsel claims lack merit.

## Standard for Effective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must establish deficient performance and resulting prejudice. The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

---

[6] One of Henry's two ineffective assistance of counsel claims is that his attorney failed to argue that the court lacked subject matter jurisdiction. While the underlying argument that his attorney allegedly failed to make was jurisdictional, the Sixth Amendment claim by Henry–that his attorney failed to make this jurisdictional argument–is non-jurisdictional. See also United States v. Gonzalez, 311 F.3d 440, 444 (1st Cir. 2002)(holding that MDLEA defendant who unconditionally pleads guilty forfeits his right to challenge the district court's jurisdiction on appeal).

Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984).  Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic,  466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

     For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)), cert. denied,  531 U.S. 1204  (2001).  Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Strickland, 466 U.S. at 688. This burden of persuasion, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314  (citing Kimmelman v. Morrison, 477 U.S. 365,

381 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts must avoid second-guessing counsel's performance." Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90).  Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'"  Chandler, 218 F.3d at 1314 (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Chandler, 218 F.3d at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." Id.  Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry."  Chandler, 218 F.3d at 1315. For Henry to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Chandler, 218 F.3d  at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

Ground One

Henry claims that his counsel was ineffective "for not challenging or suppressing the 70 bales of cocaine that was alleged to be thrown overboard from the go-fast vessel." Apparently, Henry is claiming that his attorney should have moved to suppress the 70 bales of cocaine on Fourth Amendment grounds. Even assuming that the Fourth Amendment applies to the seizure of contraband from non-resident aliens outside of the United States,[7] Henry's first ineffective assistance of counsel claim must fail. "Under the Fourth Amendment, the Coast Guard may stop and board a foreign vessel in international waters if it has a reasonable suspicion that the vessel is engaged in activity that violated United States law." United States v. Tinoco, 304 F.3rd 1088, 1116-17 (11th Cir. 2002). The Eleventh Circuit has held that there was "reasonable suspicion" when a vessel appearing to have no nationality did not respond to radio calls, attempted to flee, and threw bales in the water. The facts of the instant case, which were set forth in the written plea agreement and admitted to by Henry at his rearraignment hearing, (see above) are virtually identical. Defense counsel cannot be deemed to have performed deficiently by failing to file a motion that would have been futile. For the same reason, Henry cannot satisfy the "prejudice" prong of Strickland. See also Salcedo-Palma v. United States, 2005 WL 1243775 (M.D. Fla. 2005)(Bucklew, J.)(finding that defense counsel was not ineffective in failing to file a"futile" motion to suppress because the defendant signed a plea agreement in which he admitted that the vessel on which he was traveling was "subject to the jurisdiction of the

---

[7] The Supreme Court has held that the Fourth Amendment does not apply to the search and seizure by the United States of property owned by a non-resident alien and located outside of the United States. See United States v. Verdugo- Urquidez, 494 U.S. 259 (1990). Relying upon Verdugo-Urquidez, the Fifth Circuit has held that the Fourth Amendment does not apply to the activities of the United States directed against aliens in international waters. United States v. Kurdyukov, 48 Fed. Appx. 103, 2002 WL 31016494 (5th Cir. 2002). However, the Eleventh Circuit has addressed such Fourth Amendment claims on the merits. See, e.g., United States v. Tinoco, 304 F.3rd 1088, 1116-17 (11th Cir. 2002).

United States").

Henry's first claim must also fail because even if a motion to suppress had been filed and granted, it would not have affected the outcome of the case. Obviously, a successful motion to suppress would have prevented the Government from using as evidence the cocaine found on the vessel in which Henry was traveling. However, such a motion would not have prevented the Government from introducing as evidence the numerous bales of cocaine–each weighing between 20 and 30 kilograms–that were tossed from the vessel before it was stopped. Under almost identical circumstances, the Eleventh Circuit held that the defendants had no Fourth Amendment interest in cocaine that was thrown into the ocean while the Coast Guard approached. See Tinoco, 304 F.3d at 1117. Therefore, Henry's counsel cannot be deemed to have performed deficiently by failing to file a motion that, even if successful, would not have changed the outcome of the case. For the same reason, Henry cannot satisfy the "prejudice" prong of Strickland.[8]

Ground Two

Henry claims that his counsel was ineffective in not moving to dismiss the indictment for lack of subject matter jurisdiction. According to Henry, the court lacked subject matter jurisdiction under 46 App. U.S.C. § 1903 because the go-fast vessel was in the Caribbean Sea and did not "enter into the United States Territorial water."

The performance of Henry's counsel was not deficient. Under the well-established case law of the Eleventh Circuit, such a motion to dismiss would have been frivolous. In United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003), the Eleventh Circuit held:

---

[8] A successful motion to suppress would not have prevented the Government from using the cocaine seized from the go-fast vessel at the sentencing hearing. See United States v. Lynch, 934 F.2d 1226 (11th Cir. 1991)(evidence obtained in violation of the Fourth Amendment may be used at sentencing).

Significantly, "[s]ection 1903(c)(1)(A) states that 'a vessel without nationality' is included within the definition of a vessel subject to the jurisdiction of the United States." Tinoco, 304 F.3d at 1112 (quoting 46 U.S.C. app. § 1903(c)(1)(A)). Additionally, "we noted that Congress, under the 'protective principle' of international law, may assert extraterritorial jurisdiction over vessels in the high seas that are engaged in conduct that 'has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems.'" Id. at 1108 (quoting United States v. Gonzalez, 776 F.2d 931, 939 (11th Cir. 1985)). Further, this circuit and other circuits have not embellished the MDLEA with a nexus requirement. See, e.g., United States v. Mena, 863 F.2d 1522, 1527 (11th Cir. 1989)(rejecting facial challenge to MDLEA based on a lack of a "meaningful relationship" to the United States); [additional citations and footnotes omitted]. See also Rendon, 354 F.3d at 1325 n. 3 (defendant's "argument that his prosecution was unlawful because the government did not allege or prove that he was within the United States Customs territory when he was apprehended is invalid").

Henry has not–and cannot–offer any evidence suggesting that the go-fast vessel on which he was traveling was stateless. Indeed, during his rearraignment hearing, Henry admitted that he was apprehended in a "go-fast vessel that had no nationality and was subject to the jurisdiction of the United States." Doc. 114 at 17-18. Such statements at a rearraignment hearing are accepted as conclusive unless the defendant reasonably alleges why they should not be. See United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8

(11th Cir. 1997).

Henry's counsel cannot be deemed to have performed deficiently by failing to address an issue that reasonably would have been considered to be without merit. See Davis v. Singletary, 119 F.3d 1471, 1476 (11th Cir. 1997); Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994); Pitts v. Cook, 923 F.2d 1568, 1572-74 (11th Cir. 1991); Thompson v. Wainwright, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986). Likewise, Henry cannot satisfy the "prejudice" prong of Strickland when his counsel fails to raise a meritless argument.

Accordingly, the Court orders:

That Grinard-Henry's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-155) is denied.  The Clerk is directed to enter judgment against Grinard-Henry in the civil case and close that case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing

in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 8, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Arthur Lee Bentley, III

Pro Se:  MAURICIO GRINARD-HENRY